Davis, &c. *vs.* Sharron.

Case 10.                    APPEAL FROM MADISON CIRCUIT.

1. By the Revised Statutes, page 164, all contracts for the thing or any part of the thing in controversy in any suit, in consideration of services to be rendered in the prosecution or defense of the suit, in or out of court, by any person not a party on the record, are null and void. This statute applies to attorneys at law as well as other persons.

2. Attorneys at law made void contract with the plaintiff for compensation out of the subject in litigation. Held—that the contract being void, the attorneys had no lien upon the judgment recovered for compensation, in a contest with a judgment creditor, seeking satisfaction out of the judgment.

3. The statutes in force at the adoption of the Revised Statutes, providing for the subjection of equitable interests and choses in action to the satisfaction of judgments, were not repealed by the Revised Statutes; but fall within the exception of "all statutes regulating proceedings in civil cases not repealed by the Code of Practice or the Revised Statutes." Moreover, the right in this case accrued before the passage of the Revised Statutes, and is expressly excepted.

4. Parties voluntarily coming into a suit before any costs had accrued but such as were necessary to the preparation and decision of the case, are liable to costs as others.

The reader is referred to the opinion of the Court, where the facts of the case are clearly stated.

*Dunlap & Turner*, for appellant—

1. There is no proof in the record of the transfer of the judgment from Randall to Shaw; none is filed, nor is there any deposition in the case. The answer of Randall is not evidence against Dunlap & Turners, their co-defendants. (*Harrison vs. Johnson*, 3 *Litt.* 289; 14 *B. Monroe.*) But if it is to be regarded as evidence of the transfer, he gives no date when it was made, and it may have been immediately before the filing of the bill, and after the transfer to Dunlap and Turners.

2. Is the contract of Dunlap and Turners champertous? If so, is it void, or merely voidable at the instance of the obligor? The law declares contracts

based on gaming consideration, usurious contracts, contracts made to defraud creditors, &c. to be *void;* yet in practice they are uniformly treated as *voidable* only. (*See Mass. Rep.*)

3. Davis alone can avoid the contract made with Dunlap and the Turners. It is a personal privilege. Sharron has no right to insist that it was champertous. (*See Estill vs. Rodes* 1 *B. Monroe,* 321,) where it is decided that usury can be recovered by the party paying it and none other, not even a creditor. (*See also Littell vs. Hord, Hardin,* 82; *Campbell vs. Johnson,* 4 *Dana,* 182.)

4. We insist that the transfer of Davis to Dunlap and Turners should be sustained at least to the extent of the services rendered in the recovery of the judgment. (*Rust vs. Larue,* 4 *Littell,* 411.) Independently of the transfer it is insisted that Dunlap and Turners had a lien upon the judgment recovered by their services prior and superior in equity to Sharron.

5. It is denied that Sharron has shown any right to come into a court of equity. The Revised Statutes and Code of Practice, in full force prior to the 1st of July, 1854, did not re-enact the statutes in force prior to their adoption authorizing proceedings in equity to reach equitable rights and choses in action to satisfy judgments upon which there had been an execution and a return of *nulla bona,* and such right never existed at common law or by statute prior to 1821. (*See McFerran vs. Jones,* 2 *Litt.* 219.)

*Caperton,* for defendant—

The contract between Davis and Dunlap and Turners is clearly champertous and void. (*See Revised Statutes, page* 16; *Rust vs. Larue,* 4 *Litt.* 411).

Judge SIMPSON delivered the opinion of the Court.

December 14.

Davis recovered two judgments against Sharron in the Madison Circuit Court, amounting in the aggregate to about $326.

Randall & Co. had previously recovered a judgment against Davis, in the Garrard Circuit Court, upon which an execution had been issued, and returned no property found, and which exceeded in amount both the judgments that Davis had recovered against Sharron.

This petition in equity was filed by the latter, against the former, for the purpose of having a set-off of so much of the judgment in favor of Randall & Co. which he claimed to own by a transfer from them, as would be sufficient to satisfy and discharge the judgments which Davis had recovered against him.

During the pendency of the suit S. and T. Turner, and G. W. Dunlap, were, upon their application, made defendants, and they set up a claim to two-thirds of the two judgments against Sharron, by virtue of the following written contract with Davis, viz:

"I have employed S. and T. Turner and G. W. Dunlap to bring and prosecute a suit in the Madison Circuit Court against Michael Sharron, and agree to give the Turners one-third of what they may make by said suit out of Sharron, and to give Dunlap one-third of the same also; but they are to have nothing if they make nothing.'            JESSE DAVIS."

"Sept. 7th, 1852."

Davis, in his answer, admitted the validity of the foregoing transfer, and denied that any part, except one-third of the judgments against Sharron, belonged to him.

Randall & Co. answered, and admitted that they had transferred to the plaintiff Sharron, the judgment in their favor against Davis.

The execution, at its date of the transfer by Davis to the Turners and Dunlap, was admitted by the plaintiff. But there was no testimony that any transfer had been executed by Randall & Co. of their judgment against Davis, to the plaintiff.

The Circuit Court rendered a judgment in favor of the plaintiff, by which he obtained the relief he asked for; and to reverse that judgment the defendants have prosecuted a writ of error.

The first objection to the judgment of the Circuit Court is, that there was no proof of any transfer of the judgment against Davis, from Randall & Co. to the plaintiff; and that the answer of Randall & Co., in which the transfer is admitted, was not evidence against the other defendants.

The answer of one defendant, it is true, as a general rule, is not evidence against his co-defendants. But as the right of the plaintiff to the benefit of the jndgment was admitted by Randall & Co., Davis cannot be prejudiced by the set-off, and has no right on that ground to complain of the judgment. And such an admission should have the effect in our opinion, inasmuch as the parties who made it are concluded by it, of investing the plaintiff with an equitable right to the judgment, at the time their answer was filed, and indeed at the time the suit was commenced. If however the other defendants had acquired a valid right to a part of these judgments before this suit was commenced, such right must have priority over that of the plaintiff.

The contract between them and Davis is evidently champertous, and such as the law prohibits. It is contended, however, that it is not void, but operated to transfer to them the right to two-thirds of the judgments against Sharron, and can only be avoided by Davis himself, and not at the instance of a third person.

The Revised Statutes, in the chapter on Champerty and Maintenance, (page 164,) contain the following section:

§ "1. All contracts, agreements, and conveyances made in consideration of the services to be rendered, in the prosecution or defense, or the aiding in the prosecution or defense, in or out of court, of any suit, by any person not a party on record in such'

Davis, &c.
vs.
Sharron.

suit, whereby the thing sued for or in controversy, or any part thereof, is to be taken, paid, or received by such person, for his services or assistance, shall be *null* and *void*."

1. By the Revised Statutes, page 164, all contracts for the thing or any part of the thing in controversy in any suit, in consideration of services to be rendered in the prosecution or defense of the suit, in or out of court, by any person not a party on the record, are null and void. This statute applies to attorneys at law as well as other persons.

This provision applies as well to lawyers as to other persons. The writing in question is embraced by it, and by its express declaration is null and void. All the provisions contained in the chapter on Champerty and Maintenance demonstate conclusively that the validity of such contracts does not depend on the option of the party who executes them, but that they are absolutely void, and pass no right or title to the thing attempted to be transferred.

But it is contended that if this writing be void, still these parties, having acted as counsel for Davis, are entitled to a reasonable compensation for their services, which should have been allowed them out of these judgments. No right to the judgments having passed to them by this contract, they have no

2. Attorneys at law made void contract with the plaintiff for compensation out of the subject in litigation. Held, that the contract being void, the attorneys had not lien upon the judgment recovered for compensation, in a contest with a judgment creditor, seeking satisfaction out of the judgment.

lien thereon, even for the payment of a reasonable compensation for their services. If Davis himself were asking the aid of a court of equity, he might be required to pay his lawyers a reasonable compensation for their services, before the court would render him any assistance. But the plaintiff, Sharron, was under no obligation to them, and as they had not acquired any right to the judgments by their contract with Davis, there is no error in the judgment of the court below, in refusing to recognize their claim to any extent whatever.

3. The statutes in force at the adoption of the Revised Statutes, providing for the subjection of equitable interests and choses in action to the satisfaction of judgments, were

An objection is made to the judgment of the court below, on the ground that when this action was commenced in October, 1852, the statute which authorized a proceeding by a suit in equity, to reach choses in action, and other equitable interests, to satisfy a judgment at law, on which an execution had issued and been returned no property found, had been repealed by the Revised Statutes, and that consequently there was no law in force when this action

was instituted which authorized it, or by which the judgment can be sustained.

The repealing clause referred to, excepted from its operation all statutes regulating proceedings in civil cases, not repealed by the Code of Practice or the Revised Statutes. The statute which authorized this proceeding had not been repealed by either, and comes in our opinion within the exception. The object of this statute was to regulate the mode in which a plaintiff, who had recovered a judgment at law, and was unable to collect it by execution, when that fact appeared by a return thereon of no property found, should proceed in chancery to obtain satisfaction of his judgment. It was essentially a statute regulating proceedings in civil cases, and as such expressly excepted from the operation of .the repealing clause in the Revised Statutes. Besides, by a provision contained in the revision, it is declared that the repealing clause shall not affect any right accrued or accruing before the Revised Statutes take effect. Now, as a judgment had been recovered, and an execution issued and returned thereon, indorsed, by the proper officer, no property found, prior to that time, a right had thereby accrued to the party to bring a suit in chancery to obtain satisfaction of the judgment at law. This right was not affected by the repealing clause, and consequently, the suit was maintainable upon either of these grounds.

The judgment is also objected to by the Turners and Dunlap, because they are, together with Davis, their co-defendant, made liable by it for the whole of the plaintiff's costs.

As they came into the suit voluntarily, and no cost had previously accrued, but such as was necessarily incident to the institution and preparation of the suit, for the attainment of its object, and such only as would have accrued if these defendants had been made parties in the original bill, we cannot perceive any reason why they should be exempted from the payment of any part of the plaintiff's costs.

Wherefore, the judgment is affirmed.

4. Parties voluntarily coming into a suit before any costs had accrued but such as were necessary to the preparation and decision of the case, are liable to costs as others.